DETERMINED IN THE

# SECOND DEPARTMENT,

AT

## GENERAL TERM

### September, 1883.

---

WILLIAM H. CROSSMAN AND OTHERS, APPELLANTS, *v.*
HENRY C. CROSSMAN AND OTHERS, RESPONDENTS.

*Will — execution of it in duplicate — but one of the papers need be produced for
probate — error in the description of the testator in the attestation clause — when
it is immaterial.*

One Henry Crossman died leaving a will which he had executed in duplicate.
The petition for the probate of the will did not state that it had been executed
in duplicate, nor was the duplicate produced, although the words " done in dupli-
cate" were written upon the back of the instrument which was produced and
admitted to probate. Subsequently an application, to have the probate of the
will vacated, was made by certain of the testator's nephews and nieces, upon the
ground of its invalidity because, of defects in the proof of its execution and
on account of the mental incapacity of the testator. Upon the re-examination of
the subscribing witnesses the duplicate was produced by the proponents. 'It
did not appear to have been revoked. It was exactly similar to the one before
proved, except that the name of one of the executors had been omitted in
drawing it and had been interlined, and the interlineation noted, in the
presence of the witnesses, in the attestation clause.

*Held,* that it was not necessary that the petition should state that the will had
been executed in duplicate, or that the duplicates should be, both, produced and
proposed for probate.

That the duplicates were not designed to be, and were not in fact, two wills, but
each was executed so as to furnish a safeguard against loss, and but one need
be admitted to probate.

The testator had an adopted son named Henry C. Crossman. The will was

executed by the testator Henry Crossman, and he was so described in it. In the attestation clause of each paper the testator was described as Henry C. Crossman.

*Held,* that the validity of the will was not affected by this error in the attestation clause.

APPEAL from a decree of the surrogate of Kings county refusing to revoke the probate of the will of Henry Crossman, late of the city of Brooklyn.

The will was executed in duplicate November 29, 1879, and admitted to probate by the surrogate of Kings county January 28, 1881. Four of the present contestants appeared by counsel on the probate, who examined the witnesses to the will at that time. Upon the will being admitted to probate the executors duly qualified. Almost a year after the probate and on the 13th of January, 1882, six of the ten nephews and nieces of Mr. Crossman, all of whom had been left legacies in the will, and were made residuary legatees under it in a certain contingency, filed allegations against its validity, the competency of its proof and the mental capacity of the testator under the provisions of the Code of Civil Procedure (§§ 2647–2653).

On the trial upon these allegations before the surrogate of Kings county the respondents produced their testimony in support of the will and rested. Among their proofs was the duplicate copy of the will executed by the testator, which was offered and received in evidence. After the proponents rested the contestants moved that the probate of the will be revoked on the ground that the will had been executed in duplicate and that only a part of the alleged will had been admitted to probate.

*Henry T. Clinton* and *Josiah T. Marian,* for the appellants. Even if it were not formerly necessary, when a will was executed in duplicate, to present both duplicates for probate, it is necessary to do so now by reason of sections 2614, 2635 of the present Code. Where a will is executed in duplicate, both copies so executed constitute the will. (Whart. Law of Ev. [2d ed.], 79, § 74.) All the authorities hold that where a will is executed in duplicate, that both copies so executed constitute the will. (1 Wms. on Exrs., 154; 1 Redf. on Wills, 305; 2 Greenl. Ev. [13th ed.], § 682; 1 Jar. on

Wills [5th Am. ed.], 296, 297; *Richards* v *Mumford*, 2 Philli-more, 23; *Doe* v. *Strickland*, 8 Com. Bench, 724; *Hubbard* v. *Alexander*, Eng. Law R. [Ch. Div., vol. 3], 738; *Boughey* v. *Moreton*, 2 Lee's Eccles. R., 532; *Colvin* v. *Fraser*, 2 Haggard's Eccles. R., 266; *Burtonshaw* v. *Gilbert*, Cowp., 49; *Onions* v. *Tyner*, Vern., 742; *Roberts* v. *Round*, 3 Haggard's Eccles. R., 548; *O'Neall's Admrs.* v. *Farr*, 1 Richardson [S. C.], 88.)

*H. W. Bookstaver* and *James R. Steers, Jr.*, for the respondents.

BARNARD, P. J.:

There is no reason why the decree of the surrogate should be reversed. Henry Crossman executed his last will and testament in duplicate. The petition for the probate of the will did not mention that there were two duplicates, but it was plainly written on the back of the will that it was done in duplicate. It is undoubtedly true that when a will is done in duplicate that the revocation of either revokes the will as expressed in each duplicate, because the will is single and the evidence of it double. The time for the production of the duplicate will was at its probate. It was then the contestants' right, and it was the duty of those then opposing probate to demand it. The will was proven without such demand. The present contestants have filed allegations against the will, its validity, its proof of execution and the mental capacity of the testator. Upon the re-examination of the witnesses to prove the will the fact appears that it was executed in duplicate, and this duplicate copy is produced. It was never revoked so far as disclosed by the paper. It is as it was executed. We think that the petitioner was not required to state that the will was executed in duplicate or that both duplicates should be proposed for probate. The duplicates were not designed to be and were not in fact two wills, but each was executed so as to furnish a safeguard against loss. It now appears that there was no revocation of either paper. They are exactly similar. The omission of the name of one executor and its interlineation in one of the duplicates accompanied by its annotation in the presence of the witnesses, in legal effect, made both papers identical. No just purpose is subserved by holding such a paper other than a literal reproduction of the other. It was

an evident mistake of the copyist, and to avoid an entire new copy the interlineation was resorted to and it was noted in the attestation clause.

Both papers express the name of the testator to be Henry C. Crossman in the attestation clause. The testator's name was simply Henry Crossman. There was an adopted son whose name was Henry C. Crossman. The will is proven to have been executed by Henry Crossman, and he is correctly named in the will. The insertion of the middle letter C., in the attestation clause, is not vital.

If there was no attestation clause and the will was properly proven it would be a good will. This will was properly executed and by the right testator. The mistake of the person who transcribed the attestation clause should not have the effect to destroy the will.

The decree of the surrogate should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Decree of surrogate affirmed, with costs.